MEMORANDUM *
James Lima appeals the district court’s denial of his petition for habeas corpus as untimely filed under the Antiterrorism and Effective Death Penalty Act’s one-year statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
Because the parties are familiar with the facts and procedural history of the case, we need not repeat them here. Lima is entitled to statutory tolling of the one-year statute of limitations while his state habeas petitions were pending before the California Superior Court (March 21, 2005-May 13, 2005) and the California Supreme Court (November 22, 2005-August 23, 2006). In addition, Lima is entitled to statutory tolling for the period between these two petitions, because his state petitions were pending during this period. See Carey v. Saffold, 536 U.S. 214, 222-23, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).
California’s unique system of collateral review (a petitioner files a new “original” petition in a higher court) means that a subsequent habeas petition in a higher state court is “pending” if it is part of the same “one full round” of review. Id. at 221-22, 122 S.Ct. 2134; see also King v. Roe, 340 F.3d 821, 823 (9th Cir.2003) (per *718 curiam). Lima’s state petitions were part of the same full round of review because they alleged the same grounds of relief, and because the second petition was an attempt to “correct the deficiencies” of the first petition, id., and “ ‘achieve final resolution through the State’s post-conviction procedures,’ ” id. (quoting Saffold, 536 U.S. at 220,122 S.Ct. 2134).
Moreover, we find that Lima’s second petition to the California Supreme Court was filed within a “reasonable time.” See Evans v. Chavis, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (holding that if the state supreme court’s disposition does not state whether the petition was timely or untimely, the federal court of appeals must make that determination itself). There was a six month delay between Lima’s state petitions, but three and one half of these months are justified or explained by his lack of access to his legal files while he was in administrative segregation. See id. at 201, 126 S.Ct. 846. We hold that the remaining two and one half months is a reasonable time to prepare and file a habeas petition.
Accordingly, Lima is entitled to statutory tolling sufficient to render the instant federal petition filed within the one-year statute of limitations. Thus, we remand to the district court to proceed with Lima’s petition on the merits. We leave to the district court the question whether any of Lima’s claims are procedurally defaulted under In re Dixon, 41 Cal.2d 756, 264 P.2d 513 (1953).

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.